IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

V.                                                                              NO. 4:22-CV-188-DMB-JMV

WHITNEY BAILEY                                                                          DEFENDANT

**ORDER**

On December 13, 2022, the United States of America filed a complaint against Whitney Bailey in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act ('FCA'), … and … money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Bailey's receipt of Paycheck Protection Program ('PPP') funds to which she was not entitled." Doc. #1 at PageID 1. The complaint alleges that Bailey, through misrepresentations, received PPP loan proceeds totaling $88,117.00[1] (for which the Small Business Administration paid a total of $6,072.75[2] in processing fees to the financial institutions involved) and that Bailey, through false representations, obtained forgiveness of the loans by the SBA. *Id*. at PageID 6, 7.

On December 15, 2023, a "Joint Motion for Entry of Consent Judgment" was filed in which the parties represent that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment on the terms provided in the proposed [consent judgment]." Doc. #19[3] at PageID 58. Both the joint motion and the proposed consent judgment are signed by an Assistant

---

[1] The complaint alleges Bailey obtained two loans—one for $71,455.00 and the other for $16,662.00. Doc. #1 at PageID 6.

[2] According to the complaint, "[t]he SBA paid 5%, or $3,572.75, in processing fees to Bank 1" and "$2,500 in processing fees to Bank 2." *Id*. at PageID 7.

[3] The joint motion lacks a certificate of service. *See* Doc. #19.

United States Attorney and by Bailey who is pro se. *Id*.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Bailey to pay $176,880.22 plus interest and a separate $402.00 filing fee—and concludes that it does not represent a fair and reasonable factual and legal determination based on the facts of record. The damages specified in the complaint total $94,189.75, which is the sum of the two loan amounts ($71,455.00 + $16,662.00 = $88,117.00) plus the total processing fees ($3,572.75 + $2,500 = $6,072.75). However, the amount specified in the proposed consent judgment is $176,880.22 (independent of the separate $402 filing fee)—a difference of $82,690.47 *more* than the damages specified in the complaint. Because the proposed consent judgment does not clearly indicate how the $176,880.22 figure was reached,[4] the proposed consent judgment is neither fair nor consistent with the nature and amounts sought for this type of litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [19] is **DENIED**.[5] Within seven (7) days of the entry of this order,

---

[4] The proposed consent judgment states that $176.880.22 "specifically includes the forgiveness amounts paid by the United States of $71,730.90.00 [sic] for the Payroll Protection Program loan number 1266378510 and $16,709,21 [for the loan number] 9738638707." But it does not specify why or how such results in an additional $82,690.47 (nor does the complaint or the joint motion).

[5] In this case involving a pro se party not registered to receive documents through electronic filing, the joint motion is also properly denied for lack of a certificate of service. Federal Rule of Civil Procedure 5(a)(1)(D) states that "a written motion" "must be served on every party." While subsection (d)(1)(B) of the same rule provides that "[n]o certificate of service is required when a paper is served by filing it with the court's electronic-filing system," Section IV(B) of the Court's "Administrative Procedures for Electronic Case Filing" says "[h]owever, when service is made by other means (such as upon a pro se litigant via U.S. Mail or hand delivery), a certificate is required." *Accord* Fed. R. Civ. P. 5(d)(1)(B)(i) ("When a paper that is required to be served is served by other means … if the paper is filed, a certificate of service must be filed with it or within a reasonable time after service."). To the extent the government

the parties may renew their request for the entry of a consent judgment which, if filed, should include additional information and/or authority explaining the propriety of the proposed consent judgment amount.

  **SO ORDERED**, this 22nd day of January, 2024.

                /s/Debra M. Brown
                **UNITED STATES DISTRICT JUDGE**

---

has or will serve Bailey with all papers filed in this case by mail or hand delivery, such method of service should be reflected on the docket.