IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA                                                                         PLAINTIFF

V.                                                                                       NO. 4:22-CV-188-DMB-JMV

WHITNEY BAILEY                                                                                    DEFENDANT

### ORDER

On December 13, 2022, the United States of America filed a complaint against Whitney Bailey in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act ('FCA'), … and … money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Bailey's receipt of Paycheck Protection Program ('PPP') funds to which she was not entitled." Doc. #1 at PageID 1. The complaint alleges that Bailey, through misrepresentations, received two PPP loans totaling $88,117.00—one for $71,455.00 and the other for $16,662.00; the Small Business Administration paid a total of $6,072.75[1] in processing fees to the financial institutions involved; and, also based on Bailey's false representations, "the SBA forgave [one] loan on or about July 21, 2021, thereby incurring damages with interest in the amount of $71,730.90," and "forgave the [other] loan on or about August 27, 2021, thereby incurring damages with interest in the amount of $16,709.21." *Id*. at PageID 6–7.

On December 15, 2023, a "Joint Motion for Entry of Consent Judgment" was filed in which the parties represented that they "ha[d] agreed to resolve [this] litigation" and "to the entry of a consent judgment on the terms provided in the proposed [consent judgment]." Doc. #19 at PageID

---

[1] According to the complaint, "[t]he SBA paid 5%, or $3,572.75, in processing fees to Bank 1" and "$2,500 in processing fees to Bank 2." *Id*. at PageID 7.

58. On January 22, 2024, the Court denied the joint motion without prejudice because while "the amount specified in the proposed consent judgment is $176,880.22 (independent of the separate $402 filing fee)—a difference of $82,690.47 *more* than the damages specified in the complaint," "the proposed consent judgment d[id] not clearly indicate how the figure of $176,880.22 was reached." Doc. #20 at PageID 60.

On April 10, 2024, the parties filed a second "Joint Motion for Entry of Consent Judgment."[2] Doc. #28. Similar to their first joint motion, the parties represent that they "have agreed to resolve this litigation by the entry of a Consent Judgment against Bailey and in favor of the United States in the sum of $176,880.22, plus $402.00 for the court filing fee." *Id.* at PageID 191. However, unlike their first joint motion, the second joint motion explains how the $176,880.22 figure was calculated:

> The FCA provides, in pertinent part, that any person who:
>
> > (a)(1)(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or]
> >
> > (a)(1)(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
>
> is liable to the United States for three times the amount of damages which the United States sustains, plus a civil penalty per violation. …
>
> FCA penalties are regularly adjusted for inflation, pursuant to the Federal Civil Penalties Inflation Adjustment Act [sic] Improvements Act of 2015. … For violations occurring after November 2, 2015, the civil penalty amounts assessed after February 12, 2024, range from a minimum of $13,946 to a maximum of $27,894.00. …
>
> The parties acknowledge that should this matter go to trial and Bailey is found to have violated the FCA as claimed by the United States, Bailey could be found liable for a judgment in favor of the United States with damages totaling $283,538.58 with penalties ranging from a minimum of $55,784 to a maximum of $111,576.

---

[2] Approximately two weeks earlier, the Court granted the United States' February 26 motion in limine to exclude from trial all references to treble damages and civil penalties under the FCA. Docs. #23, #26.

> Thus, the total judgment amount range is at a minimum of $339,322.58 and a maximum of $395,114.58.
>
> … [T]he sum of $176,880.22, plus $402.00 for the court filing fee … specifically includes two times the total loan forgiveness amount paid by the United States of $88,440.11 ($71,730.90 for [one] … loan … and $16,709.21 for [the other] loan ….

*Id.* at PageID 191–92 (paragraph numbering and footnote omitted). The consent judgment proposed by the parties is signed by an Assistant United States Attorney and by Bailey who is pro se. *Id.* at PageID 192.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Bailey to pay $176,880.22 plus interest and a separate $402.00 filing fee—and concludes that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the second "Joint Motion for Entry of Consent Judgment" [28] is **GRANTED**. The proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 11th day of April, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**